IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-1682-JLK

**DEADWOOD BIOFUELS, LLC,**

      Plaintiff,

v.

**TRAEGER PELLET GRILLS, LLC,**

      Defendant.

_____

ORDER DENYING MOTION TO TRANSFER VENUE
_____

KANE, J.

      This matter is before me on Defendant's Motion for Change of Venue and to Stay Answer (Doc. 7). I have carefully considered the arguments for and against Defendant's Motion and without belaboring the evidentiary and other disputes averred, I DENY the Motion and ORDER Defendant to file its Answer or other response immediately, but no later than Thursday, January 3, 2013.

      Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The section was enacted to allow for simple changes of venue within a unitary federal system. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F. 2d 1509, 1515 (10th Cir. 1991) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981)). To warrant transfer, the moving party must establish that: (1)

the action could have been brought in the alternate forum; (2) the existing forum is inconvenient; and (3) the interests of justice are better served in the alternate forum. *Wolf v. Gerhard Interiors*, Ltd., 399 F. Supp.2d 1164, 1166 (D. Colo. 2005) (citing *Chrysler*, 928 F.2d at 1515).

It is within the discretion of the trial judge to make the determination of inconvenience. *Texas Eastern*, 579 F.2d at 567.  Analysis of inconvenience should include the following factors:

> [1] the plaintiff s choice of forum; [2] the accessibility of witnesses and other sources of proof, including the availability of compulsory process to ensure attendance of witnesses; and [3] the cost of making the necessary proof; [4] questions as to the enforceability of a judgment if one is obtained; [5] relative advantages and obstacles to a fair trial; [6] difficulties that may arise from congested dockets; [7] the possibility of the existence of questions arising in the area of conflict of laws; [8] the advantage of having a local court determine questions of local law; and [9] all other considerations of a practical nature that make a trial easy, expeditious, and economical.

*Chrysler*, 928 F. 2d at 1516 (quoting *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967)).

In the instant case, Defendant's arguments and factual averments are insufficient to disturb Plaintiff's choice of Colorado as forum.  While neither party resides in Colorado, Plaintiff is a South Dakota company whose sales region includes much of Colorado.  The nub of Plaintiff's claims are premised on conduct affecting its current and potential business interests in Colorado.  I note Defendant's efforts to hale Plaintiff to Oregon to defend against Defendant's anticipatory claims for declaratory judgment have thus far

failed, with the district court there having granted Plaintiff's Motion to Dismiss for lack of personal jurisdiction. If the District of Oregon's Order, which is on appeal, is reversed, the question of transfer may need to be revisited. I leave that question for another day and qualify my ruling today specifically to allow for it. Accordingly,

Defendant's Motion for Change of Venue (Doc. 7) is DENIED. The related request for a STAY is DENIED as MOOT. Defendant's Answer or other response to Plaintiff's Complaint is due no later than Thursday, January 3, 2013. Should circumstances change in a way that alters the balance of convenience in litigating this dispute in Oregon versus in Colorado, Defendant may reassert its 28 U.S.C. § 1404(a) motion without penalty and without first seeking leave of the Court.

Dated December 17, 2012.

                                            **s/John L. Kane**
                                            SENIOR U.S. DISTRICT JUDGE