IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-1682-JLK

DEADWOOD BIOFUELS, LLC,

    Plaintiff,

v.

TRAEGER PELLET GRILLS, LLC,

    Defendant.
_____

ORDER DENYING MOTION TO DISMISS AND SETTING SCHEDULING CONFERENCE
_____

KANE, J.

      This matter is before me on Defendant's Motion to Dismiss the Amended Complaint (Doc. 36) and accompanying briefs (Docs. 37, 44). After an initial hiccup in which I failed to appreciate an extension granted to file a Reply and acted prematurely to deny the Motion, I now reconsider the Motion with the full complement of briefs. While Traeger raises varyingly compelling arguments regarding Deadwood's definition of the "relevant market" and its ability to marshal evidence in support of Traeger's "dominance" in that market, I am convinced the inquiry is uniquely fact-specific under the circumstances of this case and therefore not amenable to preemptive rejection under a Rule 12(b)(6) analysis. I also disagree with Traeger that Deadwood must allege "passing off" or a misappropriation of trade secrets to state a viable claim for deceptive trade practices under the Colorado Consumer Protection Act, § 6-1-105. Under the proper circumstances, allegations that Traeger misleads or attempts fraudulently to induce customers to use only its wood pellets for fear of damaging their grills may support an independent claim for unfair trade practices or tortious interference and I will not, without more, dismiss either claim on the grounds asserted. Deadwood's generic "unfair competition" claim is

1

duplicative of Deadwood's other claims, but I leave it alone as the case is moving forward in any event.

That said, my personal view based on my review of the Amended Complaint and the applicable law is that Deadwood's claims are weak and survive dismissal by no more than a hair. Facts tending to prove the relevant market in this case is not grills or grill fuel generally, but wood pellets and pellet-fueled grills specifically, will be difficult to marshal under the standards articulated in *Campfield v. State Farm Mut. Auto. Ins. Co.*, 532 F.3d 1111 (10th Cir. 2008). It should be noted, moreover, that Traeger pushes back hard on the factual accuracy of Deadwood's most salient allegations. If the facts learned in discovery bear Traeger out, Deadwood's claims will fail on summary judgment after considerably more time and money is expended.

Nevertheless, based on the foregoing ,IT IS ORDERED THAT

1. Defendant's Motion to Dismiss (Doc. 36) is DENIED. This matter will be set for a forthwith scheduling conference encompassing all of Plaintiff's claims. Given the time that has passed and the fact Plaintiff's Sherman Act claims have survived dismissal, I intend to exercise supplemental jurisdiction over Plaintiff's state law claims until they are decided on their merits. The parties are directed to call in jointly to chambers to set a date and time for the Scheduling Conference. The call shall be placed on or before next Thursday, March 6, 2014.

2. In preparing their proposed Stipulated Scheduling and Discovery Order (see Judge Kane's Stipulated Scheduling and Discovery Order by clicking "Rules & Procedures" link at www.cod.uscourts.gov), the parties should consider the utility under Rule 1 standards of

bifurcating discovery so the facts necessary to determining the threshold question of relevant market may be addressed first.

Dated February 27, 2014.                **John L. Kane**
                                        SENIOR U.S. DISTRICT JUDGE